**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4477**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAWN OWEN GILLESPIE, II,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:14-cr-00187-1)

─────────────

Submitted: December 15, 2016          Decided: December 19, 2016

─────────────

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Owen Gillespie, II, appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment, the statutory maximum sentence. Gillespie argues that his sentence is plainly unreasonable because it is longer than necessary and does not adequately reflect his need for drug addiction treatment. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006).

Applying the above standards to the facts of this case, we conclude that the district court's stated reasons for imposing a statutory maximum sentence are not unreasonable, much less plainly so. We therefore affirm the district court's judgment.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>